IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-103-FDW-DCK

| | |
|---|---|
| YA "ANNIA" SHEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **PROTECTIVE ORDER** |
| | ) |
| AKOUSTIS TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Consent Motion For An Amended Protective Order" (Document No. 12) filed November 7, 2022. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, and noting the parties' agreement, the undersigned will grant the motion as follows.

**CONSENT CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

**WHEREAS**, the parties in the above-captioned civil action have been and will be presented with discovery requests seeking the production of documents and/or information that the parties claim to contain trade secrets, confidential and proprietary information or information of a personal, financial or medical nature;

**WHEREAS**, each party maintains that the unprotected disclosure of its trade secret, confidential and proprietary information or information of a personal, financial or personal nature will be harmful to the party producing the information and/or harmful to third parties; and

**WHEREAS**, the parties have utilized the Standing Protective Order for Civil Cases before the Honorable Frank D. Whitney, Miscellaneous No. 3:07-MC-047 (Document No. 3) ("Standing

1

Protective Order"), to date in this case, but desire to add additional protections as contemplated by Paragraph 9 of the Standing Protective Order, particularly related to disclosure of highly confidential information to be designed as "attorneys' eyes only" in connection with the above-captioned civil action pending before this Court (hereafter, the "Civil Action").

**WHEREAS**, Defendant is willing to provide a supplemental production including highly sensitive and highly confidential business related information and documentation.

**IT IS, THEREFORE, ORDERED**:

1. Scope of Order.  This Protective Order ("Order") replaces the Standing Protective Order and shall govern the use and disclosure of all alleged personal, financial, medical, confidential, proprietary or trade secret information ("Protected Information") produced by or on behalf of any party or furnished by any person associated with any party in any pleading, deposition, interrogatory, request for admission, document production, subpoena, or any other disclosure or discovery proceeding in this action until order of this Court.  By way of example, Protected Information may include, without limitation, client information, financial information, employee personnel data, and business and marketing plans and information.  Any alleged trade secret, confidential or proprietary information produced in discovery shall only be used for the purposes of preparing for and conducting this action and the Civil Action (including any appeals or retrials) and only as provided in this Order.  This Order also applies to information obtained from third parties by way of subpoena, and such third parties may avail themselves of the protections and procedures set forth in this Order, provided they agree to be bound by this Order.

2. Confidentiality Designations.  Any party, person or entity producing information in this action may designate any document, information, thing, or discovery response as protected by marking it at or before the time of production or exchange with the legend "CONFIDENTIAL

– ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER." If it is impracticable to mark something with such a legend (e.g., information contained on a computer hard drive), the designation may be made in writing. Such designations may also be made in the course of depositions. All "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations must be based on the good faith belief and shall be used selectively in regard to information that constitutes highly sensitive business or commercial information, or items that are considered to be of a sensitive personal, financial or medical nature which warrants protection beyond that which is afforded to Protected Information that has been designated "CONFIDENTIAL". All "CONFIDENTIAL" designations must be based on the good faith belief that the information constitutes: (a) proprietary or sensitive business, personal or financial information; (b) personal, medical or financial information; or (c) information subject to a legally protected right of privacy.

3. <u>Undertaking</u>. Any documents or materials marked either "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be held in confidence by each person to whom it is disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal of the Civil Action; shall not be used for any personal, business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities and access to such information, document, material, item, or thing shall be permitted only to persons properly having access thereto under the terms of this Order.

4. <u>Manner of Designation</u>.

3

Case 3:22-cv-00103-FDW-DCK   Document 13   Filed 11/07/22   Page 3 of 15

a. The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to them, in a manner that shall not interfere with their legibility, the words "CONFIDENTIAL – ATTORNEYS' EYES ONLY – PRODUCED PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER" on all or any part of the documents or things. Wherever practicable, the designation of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure. Documents or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before entry of this Order shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" within the meaning of this Order. The non-designating party may challenge any designation of confidentiality in accordance with Paragraph 11 below. This designation can be challenged in accordance with Paragraph 11 below.

b. All deposition transcripts in this action shall be treated by all parties as provisionally protected as "CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcripts (unless a longer period is agreed to in writing between counsel for all of the parties). Within the fourteen (14) day period, any party may designate particular portions of a transcript as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information by giving written notice of such designation to every other party to the action. To the extent possible, the party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" are appropriately bound by the reporter. The parties should avoid designating entire transcripts as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY." Where only a portion thereof or the exhibits used therewith

qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated. Failure of a party to so designate any particular portion of the transcript establishes that such portion is not subject to this Order; however, deposition exhibits that were previously designated as CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall retain any such designations.

      c.      In the event that a party is permitted by agreement or by order of this Court to inspect or review documents prior to production, all documents and things made available for inspection will be considered to be CONFIDENTIAL - ATTORNEYS' EYES ONLY during the process of inspecting the documents. If any documents are selected by the inspecting party for production to the inspecting party, at the time documents and things are actually produced, an appropriate designation will be placed by the producing party on each document or thing produced in accordance with this Protective Order.

      5.      <u>Use and Access of Confidential Information</u>.

      a.      <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY</u>: Use of this designation is intended for patent information, revenue information for different product lines, business secrets and other proprietary and trade secret information. This designation is not intended to cover typical documentation produced in employment litigation such as personnel files, evaluations, 360 reviews, policies and procedures and the like. Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things, or information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action, subject to the filing or disclosing party complying with the requirements set forth in Paragraph 8 of this Order; and

(ii) Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this action or the Civil Action; and

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing; and

(iv) any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 6 below; and

(v) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Paragraph 6 below.

b. <u>CONFIDENTIAL</u>: Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no documents, things or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, including any court reporter or typist recording or transcribing testimony in this action; and

(ii) Counsel for the parties and their paralegals, law clerks, and clerical staff who are providing active assistance with this action or the Federal Court Action;

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing;

(iv) the parties to this action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

(v) any actual or potential witness, provided that said witness has executed a certification in accordance with Paragraph 6 below; and

(vi) any person testifying at a deposition, provided that said person has executed a certification in accordance with Paragraph 6 below; and

(vii) any expert, consultant or technical advisor retained or employed by any party for the purposes of this action, provided that said experts, consultants or technical advisors have executed a certification in accordance with Paragraph 6 below; and

(viii) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that any such person has executed a certification in accordance with Paragraph 6 below.

6. <u>Disclosure to Witnesses, Consultants and Technical Advisers and Certification of Confidentiality</u>. Before giving any witness, consultant or technical adviser access to information, documents or things designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," the parties' Counsel who seeks to disclose such information to such witness, consultant or technical adviser shall require the witness, consultant or technical adviser to read and agree to be bound by this Order by signing a certification in the form set forth in Exhibit 1 attached hereto.

The terms "technical adviser" and "consultant" shall mean any person, including but not limited to a proposed expert witness or trial/jury consultant, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case or the Civil Action for the preparation or trial thereof; provided, however, that no party, or person currently employed

by a party, or person currently employed by any competitor of a party, shall so qualify hereunder. If a party desires to: (a) hire a "technical advisor" or a "consultant" who is currently employed by any competitor of a party; and (b) provide the "technical advisor" or a "consultant" with Protected Information that has been produced by another party or third party, the party seeking to hire the "technical advisor" or a "consultant" shall first notify all other parties or affected third parties in writing, and the notification shall include the name, address, and employer of the proposed "technical advisor" or a "consultant", and shall be delivered via Overnight Mail. If the parties and/or any affected third parties are unable to agree within five (5) business days after receipt of the written notice required by this paragraph whether providing Protected Information to such "technical advisor" or "consultant" is permissible, then the party opposing the provision of such Protected Information may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking a ruling that Protected Information may not be provided to such "technical advisor" or "consultant" or that Protected Information may only be only be provided to such "technical advisor" or "consultant" subject to certain conditions. Until a motion is filed and resolved by the Court, all Protected Information shall be handled as otherwise prescribed in this Order. Failure to file a motion within the time period prescribed by this paragraph shall constitute a waiver of the right to challenge the provision of Protected Information to such a "technical advisor" or "consultant", provided however, that all such Protected Information provided to such a "technical advisor" or "consultant" shall be handled in accordance with the terms of this Order.

7. <u>Safeguarding Confidential Information</u>. The recipient of any "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material provided pursuant to this Order

shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody and use, so long as it remains so designated.

8. <u>Filing Procedures</u>.  Whenever a party wishes to file information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL", the party must follow the procedures set forth in Local Rule 6.1.  In preparing filings with the Court, the parties shall endeavor to avoid including "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and "CONFIDENTIAL" materials in its filings to the extent it is feasible to do so.  Pursuant to Local Rule 6.1, the parties are encouraged to consider alternative means of protecting sensitive information, such as redacting or using abbreviations to protect the sensitive portions of documents to be filed with the Court.  In the event "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information is included with, or the contents thereof are included or part of any pleading, motion, deposition transcript, or other paper filed with this Court, such information shall be filed with a Motion to File Under Seal as required under Local Rule 6.1.  Unless otherwise ordered by the Court, in the event that "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" material is used or disclosed in any hearing or at trial, that portion of the hearing or trial proceedings at which such material is disclosed shall be closed to the public and such material shall not lose its protected status by reason of such use or disclosure.  If any person fails to file protected documents, things or information under seal, the party or non-party claiming confidentiality for the documents, things, or information, or any part thereof, may request that the Court place the filing under seal pursuant to Local Rule 6.1.  The Court reserves the right to unseal any materials that it deems to have been filed under seal improperly or to deny any motion to seal pursuant to Local Rule 6.1.  The filing of a motion to file under seal shall not be deemed an

admission by any party that the materials were properly designed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

9. <u>Final Disposition</u>.  Within forty-five (45) days of the conclusion of the Civil Action (whichever is later), including any appeals, all "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the party furnishing that Information or be destroyed (and certified by affidavit as having been destroyed) by the party in possession thereof, provided that counsel for the parties may retain their notes and any work product materials.

10. <u>No Presumption of Protected Status</u>.  This Protective Order does not address discovery objections nor preclude any party from moving for any relief or protection cognizable under the Federal Rules of Civil Procedure or this Court's inherent powers.

11. <u>Challenging Confidential Designation</u>.  A party may oppose the designation of protected material at any time before trial by notifying the opposing party in writing.  Such a writing shall specify each designation being challenged and set forth the reasons supporting each challenge.  If a party opposes the designation of any particular document designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" the parties shall attempt to resolve the dispute by agreement.  If the parties are unable to resolve the dispute within five (5) business days after receiving written notice of the dispute, then the designating party may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking the Court's approval of the designation.  The burden remains on the designating party to demonstrate that the material in question warrants protection as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" materials described in Paragraph 2 of this

10

Case 3:22-cv-00103-FDW-DCK   Document 13   Filed 11/07/22   Page 10 of 15

Order. Until a motion is filed and resolved by the Court, all documents and materials with respect to which a confidential designation is being challenged shall be treated in the confidential manner that they have been designated by the producing party as prescribed in this Order.

12. <u>Modification of Order</u>. Nothing in this Order shall preclude any party from applying to the Court for an appropriate modification of this Order; provided, however, that before such an application, the parties involved shall make a good faith effort to resolve the matter by agreement. Furthermore, the parties may agree among themselves, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order, and the parties may agree on protections and procedures that differ from those set forth in this Order. Notwithstanding the foregoing, the parties shall not take any action to disclose Protected Information of third parties without first obtaining the written consent of the third party that produced such Protected Information.

13. <u>Inadvertent Production</u>.

(a) The inadvertent production during discovery by any party of any document or communication that is protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality will not operate as a waiver of the producing party's right to assert a defense to production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s). The parties shall have the right to clawback any documents that are protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality and any such material shall be returned promptly to the party producing it on timely written demand identifying the specific document(s), subject to the understanding that the more extensive a request for the return of materials, the longer

it will take to return them. A party may oppose the designation of material as protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality at any time before trial by notifying the designating party in writing. Such a writing shall specify each designation being challenged and set forth the reasons supporting each challenge. The parties shall attempt to resolve the dispute by agreement. If the parties are unable to resolve the dispute within five (5) business days after receiving written notice of the dispute, then the designating party may, within ten days after the expiration of the aforementioned five-day period, file a motion with the Court seeking the Court's approval of the designation. The burden remains on the designating party to demonstrate that the material in question warrants protection as being protected by privilege, work product doctrine, common interest or joint defense privilege, or statutory confidentiality. Until a motion is filed and resolved by the Court, all documents and materials with respect to which a confidential designation is being challenged shall be treated in the privileged manner that they have been designated by the producing party as prescribed in this Order. Failure to file a motion within the time period prescribed by this paragraph shall constitute a waiver of the designation that has been challenged and unresolved.

(b) Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" designation may be subsequently designated by the producing party as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" at any time pursuant to the terms of this paragraph without waiving the confidential nature of the document or information. In each such case, the designating person shall provide to all other parties notice, either orally followed by written notice within five (5) business days or by written notice, of that subsequent designation and a copy of the document or thing marked in accordance with this paragraph.

14. <u>Continuing Jurisdiction</u>.  Unless superseded by later order, this Order shall remain in full force and effect after the termination of this litigation and the Court shall retain jurisdiction over the parties, their attorneys, and all other persons to whom Protected Information has been disclosed for the purposes of enforcing the terms of this Order and/or redressing any violations thereof.

15. <u>Non-Parties</u>.  The existence of this Order shall be disclosed to any non-party producing documents or information in this action who may reasonably be expected to desire confidential treatment of such information.  Such non-parties may avail themselves of the protections of this Order.  By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of this Court for purposes of enforcing the terms of this Order only.

16. <u>Time Periods</u>.  Anywhere in this Order that a time frame is given, the parties may request that the Court shorten or lengthen the time provided, depending upon the circumstances. The parties also may alter any such time periods by mutual agreement of the parties.

**SO ORDERED**.

Signed: November 7, 2022

_____
David C. Keesler
United States Magistrate Judge

**STIPULATED AND AGREED**:

> */s/ Josh Van Kampen*
> Josh Van Kampen
> **Van Kampen Law, PC**
> 315 East Worthington Avenue
> Charlotte, NC 28203
> josh@vankampenlaw.com
> *Counsel for Plaintiff*

> */s/ David I. Klass*
> David I. Klass (NC Bar No. 53342)
> Mary Grace Miller (NC Bar No. 57395)
> **FISHER PHILLIPS LLP**
> 227 West Trade Street, Suite 2020
> Charlotte, North Carolina 28202
> Telephone: (704) 334-4565
> Facsimile: (704) 334-9774
> Email: dklass@fisherphillips.com
> Email: mgmiller@fisherphillips.com
> *Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CASE NO. 3:22-CV-103-FDW-DCK**

| | |
|---|---|
| YA "ANNIA" SHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **EXHIBIT 1** |
| v. ) | |
| ) | |
| AKOUSTIS TECHNOLOGIES, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNDERTAKING REGARDING CONFIDENTIALITY**

The undersigned individual hereby certifies that they have read the foregoing Consent Stipulation and Protective Order (hereinafter "Protective Order"), understand the terms thereof, and agreed to be bound thereby personally if receiving Protected Information in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Protective Order shall be actionable by any aggrieved party to the Action that is the subject of the foregoing Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Protected Information which came into my possession, and all documents or things which I have prepared relating thereto, to counsel for the party supplying the Protected Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

Date:_____  Signature: _____

Printed Name:_____